EASTERN STATES PETROLEUM COMPANY, a corporation of the State of Delaware,

Complainant and Cross-Defendant Below, Appellant,

*vs.*

UNIVERSAL OIL PRODUCTS COMPANY, a corporation of the State of Delaware,

Defendant and Cross-Complainant Below, Appellee.

*Supreme Court, On Appeal, August 4, 1939.*

LAYTON, C. J., and RICHARDS, RODNEY, SPEAKMAN, and TERRY, JJ., sitting.

*Arthur G. Logan,* of the firm of Marvel, Morford & Logan, for appellant.

*Clarence A. Southerland,* of the firm of Southerland, Berl, Potter and Leahy, and *David F. Anderson,* for appellee.

LAYTON, Chief Justice, delivering the opinion of the court:

For all that appears the Dubbs patents for cracking oil, known in combination as the Dubbs Cracking Process, are recognized as valid by Behimer, by the Texas Company to whom Behimer assigned his patents, and by all others with the exception of Eastern. Neither Behimer, the alleged discoverer of the process, nor the Texas Company, to whom his patents had been assigned, has attempted, since the settlement of the controversy with Dubbs, to litigate the validity of the Dubbs patents in any form of action in any forum. The late Chancellor correctly held that Eastern was estopped to deny the validity of the patents. This decision, reported in 22 *Del Ch.* 333, 2 *A.* 2*d* 138, has not been challenged by Eastern; but it seeks by an oblique approach to attack the validity of the patents by invoking the equitable rule of clean hands. Obviously the rule must have, and has, limitations. While it is not essential that the party in whose favor the rule will operate must be one who is himself entitled to complain, yet the hands of the complainant must be rendered unclean by reason of some conduct connected with the matter in controversy. *Sharpless-Hendler Ice Cream Co. v. Davis,* 17 *Del. Ch.* 161, 151 *A.* 261; 1 *Pomeroy, Equity Jurisprudence,* (4th *Ed.*) § 399.

The matter in controversy is not the validity of the Dubbs patents. Whether Universal engaged in the melodramatic conspiracy as alleged in the proposed further answer to deceive the Examiners in the Patent Office, and to

defraud the Texas Company, and, having succeeded by bribery in closing Behimer's mouth, made it impossible for his assignee successfully to contest the validity of the Dubbs patents are *res inter alios acta,* and not material to any issue in the case.

*Keystone Driller Co. v. General Excavator Co.,* 290 *U. S.* 240, 54 *S. Ct.* 146, 147, 78 *L. Ed.* 293, relied upon by the appellant was a suit for infringement of ·patent. The holder of the patent suppressed evidence of prior public use and, without disclosing such evidence, obtained an infringement decree and injunction. This fraudulent conduct was held to be connected with causes of action in subsequent infringement suits precluding relief under the doctrine of clean hands. The maxim, its meaning and application, was fully considered. After stating generally the doctrine, its limitations also were stated. Quoting from *Story, Equity Jurisprudence,* (*4th Ed.*) § 399, the court said:

"But courts of equity do not make the quality of suitors the test. They apply the maximum requiring clean hands only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation. They do not close their doors because of plaintiff's misconduct, whatever its character, that has no relation to anything involved in the suit, but only for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication."

The subject matter of the controversy here is the license agreement. The validity of the patents is a false issue arising out of extraneous matters not affecting the equitable relations between the parties. The cited case is not an authority for the position taken by the appellant. See *Radio Corporation of America v. Hygrade Sylvania Corporation,* (*D. C.*) 10 *F. Supp.* 879.

It is unnecessary to consider the timeliness of the application to file further answer to the cross-bill.

The order of the Chancellor denying leave to file further answer to the cross-bill is sustained.